| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| EARL WARNER, | Case No. 16-cv-04345-YGR (PR) |
| Plaintiff, | **ORDER DISMISSING CERTAIN CLAIMS WITHOUT PREJUDICE TO FILING IN EASTERN DISTRICT; AND SERVING COGNIZABLE CLAIMS** |
| v. | |
| RABBI Y. FRIEDMAN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, who is currently in custody at Valley State Prison, filed the instant *pro se* complaint under 42 U.S.C. § 1983, in which he seeks enforcement of a settlement agreement reached in his earlier case, Case No. C 11-5039 YGR (PR) (N.D. Cal. filed October 13, 2011) ("*Warner I*"). He has previously been granted leave to proceed *in forma* pauperis. Dkt. 3. He seeks injunctive relief and monetary damages.

Plaintiff claims that on May 23, 2013, a settlement was reached in *Warner I*, which "included the provision of a Kosher Religious Diet." Dkt. 1 at 5. Plaintiff claims that on June 24, 2013, he began receiving a Kosher Religious Diet. *Id.* at 6. However, Plaintiff states as follows:

> [ ] The Kosher Religious Diet of which the defendant's [sic] caused to be provided [to] plaintiff had already begun to undergo a gradual changing in content, clearly degrading in nature; resulting from a new contract with an alternate Kosher Food Products Manufacturer, established on/or about April 8, 2-13.
>
> [ ] Plaintiff had not been advised of any proposed changes to the standard quality of the Kosher Food Products during the settlement conferences leading to the agreement on May 23, 2013.

*Id.* On June 28, 2013, counsel for Defendants in *Warner I* filed a Stipulation for Voluntary Dismissal with Prejudice, the action was voluntarily dismissed on July 15, 2013, and judgment was issued. Dkts. 54, 55.

On August 2, 2016, Plaintiff filed the instant action, in which he alleged that the *Warner I* settlement agreement needed to be enforced because he was "subjugated to degrading changes in the Kosher Religious Diet he was being provided . . . ." Dkt. 1 at 8. On January 11, 2017, the

Court dismissed this action as duplicative of *Warner I* and issued judgment. Dkts. 4, 5. Plaintiff appealed the dismissal and judgment to the Ninth Circuit Court of Appeals. Dkt. 6.

On October 26, 2017, the Ninth Circuit vacated this Court's judgment and remanded for further proceedings. Dkt. 14. The Ninth Circuit stated as follows:

> . . . Warner's religious diet claims are based on events that occurred after *Warner I*, the claim based on the alleged failure to provide Warner with hot meals did not arise out of the same transactional nucleus of facts, and defendants Rivera, Shleffar, Soliz, Zamora, and Maurino were not parties to the prior action. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (setting forth standard of review and explaining that in determining whether a later-filed action is duplicative, this court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same"), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Without reviewing the settlement agreement in *Warner I*, which is not in the record, we cannot determine whether the present action can properly be understood as an action to enforce the settlement agreement in *Warner I*. We vacate the district court's judgment and remand for further proceedings.

*Id.* at 2. Thereafter, the Ninth Circuit issued its mandate. Dkt. 15.

The instant matter has since been reopened, and this Court now conducts an initial review of the complaint pursuant to 28 U.S.C. § 1915A.

Venue is proper because some of the events giving rise to this matter are related to a settlement resulting from *Warner* I, in which the claims were alleged to have originated during Plaintiff's incarceration at Salinas Valley State Prison ("SVSP"), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at SVSP: Jewish Chaplain Rabbi Y. Friedman; Chief Deputy Warden A. Solis; and Correctional Administrator L. Trexler. Plaintiff also names the following Defendants from the California Department of Corrections and Rehabilitation ("CDCR"): Appeals Examiner K. Kostecky; Chief of the Inmate Appeals Branch R. Manuel; and Food Administrator L. Maurino. Finally, Plaintiff names the following Defendants from the California Health Care Facility ("CHCF"): Assistant Director of Dietetic A. Rivera; Jewish Chaplain Rabbi Shleffar; Program Assistant of the Acute Treatment Program J. A. Soliz; and Chief of the Office of Administrative Appeals J. A. Zamora.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Claims Against Defendants at CHCF

Plaintiff complains of his conditions of confinement (including the aforementioned failure to provide him with hot meals) during his incarceration at CHCF, which is where he was previously housed. Because CHCF is located within the venue of the Eastern District of California, these claims against Defendants Rivera, Shleffar, Soliz, and Zamora are DISMISSED without prejudice to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal on venue grounds without prejudice).

### C. Remaining Claims Against Defendants at SVSP and CDCR

The First Amendment right to the free exercise of religion is violated where a defendant burdens the practice of a prisoner's religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is

central to religious doctrine.'" *Id.* at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)). A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion." *See id.* The mandates of a religion are not merely what is minimally required of adherents of a religion but include that which "the individual human being perceives to be the requirement of the transhuman Spirit to whom he or she gives allegiance." *Peterson v. Minidoka County School Dist.*, 118 F.3d 1351, 1357 (9th Cir. 1997). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987).

Here, Plaintiff alleges that Defendants have violated the terms of the settlement agreement in *Warner I* and, thus, he is being denied a Kosher diet, which is required by his religious beliefs as a member of the Jewish religion. Liberally construing Plaintiff's allegations in his complaint, they are sufficient to require a response from Defendants as further explained below.

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally

4

"is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An administrator may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. *Jett*, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (supervisor who signed internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

Read liberally, the allegations in Plaintiff's complaint state a cognizable First Amendment claim against Defendants Friedman, Trexler, Solis, Kostecky, Manuel and Maurino. Therefore, this claim may proceed against the aforementioned Defendants.

And liberally construed, Plaintiff's allegations also state a cognizable claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"), for substantial burden on the religious exercise of a person residing in or confined to an institution against Defendants Friedman, Trexler, Solis, Kostecky, Manuel and Maurino. *But see Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (RLUIPA does not authorize suits against state actors (including prison officials) acting in their individual capacity; claims may only be brought against such defendants in their official capacity).

**III. CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against Defendants Rivera, Shleffar, Soliz, and Zamora relating to any conditions of confinement during his incarceration at CHCF are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in a new civil rights action in the United States District Court for the Eastern District of California.

2. Plaintiff's complaint states a cognizable First Amendment claim against Defendants Friedman, Trexler, Solis, Kostecky, Manuel, and Maurino.

3. Plaintiff's allegations also state a cognizable RLUIPA claim against Defendants Friedman, Trexler, Solis, Kostecky, Manuel, and Maurino.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), copies of the Ninth Circuit's Memorandum and Mandate (dkts. 14, 15); and a copy of this Order to: **the following Defendants at SVSP—Jewish Chaplain Rabbi Y. Friedman; Chief Deputy Warden A. Solis; and Correctional Administrator L. Trexler; as well as the following Defendants from the CDCR—Appeals Examiner K. Kostecky; CDCR Chief of the Inmate Appeals Branch R. Manuel; and CDCR Food Administrator L. Maurino.** The Clerk shall also mail copies of the complaint, the Ninth Circuit's Memorandum and Mandate, and this Order to State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail copies of the Ninth Circuit's Memorandum and Mandate as well as a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: April 26, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge